NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case.  A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-1340

CITIZENS BANK, N.A.

vs.

ANGEL MARTINEZ & others.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Following a foreclosure sale, the plaintiff, Citizens Bank, N.A., commenced a summary process action in the Housing Court against the defendants, Angel Martinez, Alice Martinez, and Victor Bonilla.  Following a trial, a judgment entered in favor of the plaintiff for possession and damages.  The defendants appeal, and we affirm.

The defendants assert that the trial judge committed five errors related to findings of fact.  We are unable to review the substance of these claims primarily because the record lacks a transcript of the trial.  "The burden is on the appellant to ensure that an adequate record exists for an appellate court to

_____

[1] Alice Martinez and Victor Bonilla.

evaluate." Commonwealth v. Woods, 419 Mass. 366, 371 (1995).
See Mass. R. A. P. 8 (a)-(c), as appearing in 481 Mass. 1611
(2019); Mass. R. A. P. 18 (a), as appearing in 481 Mass. 1637
(2019).  In the present case, the defendants (who are the
appellants) have not met their burden of presenting us with a
record of the trial.  We are left without any basis to assess
the merits of claims that have been raised on appeal.
Accordingly, we must affirm.

Judgment affirmed.

By the Court (Hand, Hodgens &
  Tan, JJ.[2]),

Clerk

Entered:  November 3, 2025.

---

[2] The panelists are listed in order of seniority.

2